UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SANTIAGO MARTINEZ, a.k.a. JIMMY, | § § | |
| Petitioner; | § § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-00047 |
| | § | CRIMINAL ACTION NO. 5:13-CR-01101-1 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for an evaluation of a prisoner's petition for relief under 28 U.S.C. § 2255.

Petitioner filed this § 2255 action on March 13, 2017, requesting a reduction of his sentence. (Dkt. No. 1; Cr. Dkt. No. 232).[1] On April 3, 2014, Petitioner entered into a written plea agreement and pled guilty to one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See* (Cr. Dkt. Minute Entry dated April 3, 2014; *see also* Cr. Dkt. No. 34). In the plea agreement, petitioner agreed to waive his right to appeal or collaterally attack his sentence. (Cr. Dkt. No. 90). Petitioner was then sentenced on March 9, 2016, to a term of incarceration of 120 months. (Cr. Dkt. Minute Entry dated March 9, 2016; Cr. Dkt. No. 213). At sentencing, the District Court applied a two-level enhancement for being found in possession of a firearm, and a four-level enhancement for his role as a leader in the criminal scheme. *See*

---

[1] "Dkt. No." refers to the civil case, and "Cr. Dkt. No." refers to criminal case number 5:13-cr-01101-1.

(Cr. Dkt. No. 230 p.6). In his motion for relief under § 2255, Petitioner challenges the two-level firearms enhancement. (Dkt. No. 1).

## Waiver

A criminal defendant may validly waive his right to appeal or challenge his sentence so long as the waiver is informed and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (so holding). When he entered his guilty plea, the petitioner averred that he "fully understands the nature of the charges and penalties," that he "understands [his] Constitutional and statutory rights and wishes to waive these rights, including [his] right to appeal or collaterally attack [his] sentence," and that the plea was "made freely and voluntarily" with "an adequate factual basis[.]" (Cr. Dkt. No. 90 at p.2). The Court found that the defendant "fully understood the nature of the charges and penalties" during the plea colloquy. *Id*.

The petitioner does not now claim to have misunderstood these provisions or that his counsel did not explain them. Instead, the sole basis of his claim for relief is that the District Court's application of the two-level sentencing enhancement violated *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Dkt. No. 1; Dkt. No. 1-1 at p.3).

## Cognizability

Because Petitioner's waiver of his right to appeal or collaterally attack his sentence appears valid and is unchallenged, the Court could deny the instant Motion on that basis. However, even setting aside the issue of waiver, Petitioner's Motion must fail because challenges to a sentencing court's application of a particular sentence—so long as the sentence is not beyond the court's jurisdiction to impose—are not cognizable in § 2255 actions.

As a general matter, prisoners may not challenge a District Court's sentencing calculations in a § 2255 motion. The statute allows for only four types of claims: (1) claims raising constitutional issues; (2) challenges to the District Court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Here, Petitioner has attempted to dress his challenge to the Court's application of the guidelines in Constitutional garb—but, as will be discussed below, this attempt fails.

### Procedural Bar

Even if challenges to the sentencing Court's application of the sentencing guidelines were not barred as a matter of law under § 2255, the petition in this case would be procedurally barred because Petitioner did not challenge his sentence on direct appeal, and in fact, did not appeal at all. "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (upholding the sentence of a federal prisoner who could have raised his sentencing challenge on direct appeal, but did not appeal at all).

### Merits

Finally, looking past all the aforementioned defects in Petitioner's motion, the argument would fail on its merits. The Supreme Court held in *Apprendi v. New Jersey* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

3

doubt." 530 U.S. at 490. The Court then extended this reasoning in *Alleyne v. United States*, concluding that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155 (overruling *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406 (2002)). Petitioner points to these two cases to support his contention that the District Court's application of the two-level enhancement was error.

But neither case applies here. The offense to which Petitioner pled guilty carries a mandatory minimum sentence of ten years and a maximum of life in prison. 21 U.S.C. § 841(b)(1)(A). The application of the firearm enhancement does not increase the penalty beyond the statutory maximum—i.e., it does not make a defendant eligible for a sentence beyond life in prison—so *Apprendi* does not apply. U.S.S.G. § 2D1.1(b)(1). Similarly, *Alleyne* does not apply because the enhancement leaves the ten-year mandatory minimum sentence untouched. *Id.* The only effect of the enhancement is to increase a defendant's sentencing guidelines range by two levels, resulting in a longer *recommended* sentence. *Id*.

In the instant case, Petitioner faced a guidelines range of 360 months to life in prison, as the District Court informed him at his sentencing. (Cr. Dkt. No. 230 p.6). But the Court actually imposed a sentence of ten years—the minimum possible under the statute, and substantially below the guidelines range. *Id.* at p.9. Thus, Petitioner's request for re-sentencing without the firearms enhancement would not result in a different sentence even if granted.

Recommendation

For the reasons stated above, the Magistrate Court recommends that Petitioner's Motion under 28 U.S.C. § 2255 be denied. The Magistrate Court further recommends that, should Petitioner seek a certificate of appealability, it be denied, and that the District Court certify that

4

any appeal should not be taken *in forma pauperis*.

SIGNED this 5th day of December, 2017.

_____
DIANA SONG QUIROGA
United States Magistrate Judge